Well, our last case of the morning, Sharif. Stupid question number six of the day. May it please the court. Don McGower here on behalf of the appellant and the plaintiff below, Iman Sharif. And I'd like to reserve three minutes for rebuttal, if I may. Granted. Your Honor, your Honors, Mr. Sharif filed this case alleging that he was assaulted by the defendants while he was in his cell in Northampton County. His allegation is that Mr. Picone, the lead plaintiff in this case, entered his cell in an unprovoked attack, knocked Mr. Sharif, punched Mr. Sharif in the face, knocked him to the ground. We're aware of the facts. And took him and dragged him out. Your Honor, the issues after this case was tried to the jury below, a judgment was entered against Mr. Sharif. Mr. Sharif has taken this appeal on two issues. First issue being he's entitled to a new trial because the district court erred by permitting the use of his plea of nullicotandra to the aggravated assault charge based on the same facts at issue in the civil case. The second error is, and the second error is only necessary to reach if the first error is found to be error, is that the court erred by granting a Rule 50 motion on Mr. Sharif's punitive damages claim. All right. Now, the Nolo plea was used pretty much as a credibility issue, was it not? Saying how can you consistently say today you did nothing wrong when back then you did not contest the charges? Is that an improper use of a Nolo plea? Is it that broad? Your Honor, I believe that that is an improper use of a Nolo plea. And I think what you said is that it goes to that the Nolo plea was used for credibility. And I don't want to address right this moment whether or not it could be used for credibility pursuant to Rule 6 or 9 because I don't think that's what you're asking about right now. I think the way that the Nolo plea was used was, in fact, as if it were a prior inconsistent statement, either by implication or explicitly, that by pleading Nolo in the assault case, he was taking a position that was different from the position he was taking in this case. And that, therefore, the jury would be entitled to question whether or not his position in this case was consistent on the merits of the underlying claim. But the rule, Rule 410, would be so broad as to encompass that, would it not? In other words, the Nolo plea is not supposed to be used against the defendant. And, indeed, the idea of the Nolo plea is that later you can say, I did nothing wrong. That's correct, Your Honor, and that would be our interpretation. Rule 410, in fact, is intended to permit exactly that to happen, to allow defendants to move through the criminal justice system more quickly, to plead to their cases without fear that their admissions in the criminal cases will be ultimately used against them in one way or another in a later civil case. And isn't that point of Walker, though, that, look, you shouldn't be the target of it in a civil case, but nor should you be allowed to seal off the existence and the reality of it if you want to go on the offensive. If you want to sue somebody and say, like Mr. Sharif did, hey, I did nothing, they just walked into my cell and started beating the heck out of me, that, you know, ordinary notions of justice and fair play are, you ought to be able to come in and say, he pled to assault. You can't accept his version of it because he said in a criminal court, I am not contesting that I assaulted the officer. So when you say it's all about you can't use it in a later civil case, what's wrong with Walker's theory that the line should be drawn at offensive use here? You could use it to impeach offensive use. Your Honor, I think that the Walker point is a little bit different than the situation that we have here. The case in Walker, what the Sixth Circuit was looking at was a case where the plaintiff in the underlying case was seeking to recover damages for a false arrest and a false imprisonment. In that case, the plaintiff was using the Nolo plea as a sword. So the plaintiff was coming in and saying, I suffered this penalty, I was imprisoned, I was arrested, and I should be able to recover damages for that. What the court said is, you can't use the Nolo plea as a sword in a civil case below. So what the plaintiff in Walker was doing was coming in and saying, yes, I accepted this penalty. I accepted a jail sentence, and I accepted that there was implicitly a viable arrest. But despite the fact that I accepted all of that, I now want to recover money for that. Is that a distinction that holds up? Because here, your client is saying, there was a fight. I got beat up.  Isn't that just Walker with a very slightly different spin? I don't think so, Your Honor, because I think that in the Walker situation, what's really the focus of the analysis is that he's using exactly what he agreed to. There's no dispute that when you plead Nolo that you agree to a conviction and that you agree to accept the punishment from that conviction. So that in Walker, the plaintiff in Walker, who was the prior criminal defendant in Walker, had affirmatively accepted punishment and had affirmatively accepted the conviction. He did not in the course of that Nolo plea, or he did not in the course of that proceeding, accept that he committed on any underlying act. And that was not in fact what the Nolo plea was relevant to in Walker. Well, in Walker, the use of the sword is totally inconsistent with what he had done. Whereas here, you could say, well, I hit him. There was an assault. But in response to my hitting him, they choked me. They handcuffed me. So the excessive force here is not necessarily inconsistent with him agreeing that, okay, these elements are fulfilled. Correct, Your Honor. And I agree. You're right, Your Honor. And the underlying conviction is not an element of the claim in this case. The underlying conviction was an element of the claim in Walker. Walker didn't frame it in that way, though. The Walker language is broader than that. It just says, this case does not present the kind of situation contemplated by Rule 410, the use of a Nolo contendere plea against the pleader in a subsequent civil or criminal action in which he is a defendant, emphasis. In other words, it appears that the Sixth Circuit is saying, and we certainly agree that you shouldn't have a Nolo plea used against you as a civil defendant, but you can't escape the consequences of a Nolo plea if you are the plaintiff on offense. I agree with you. What you're saying about the Walker language, and I agree that it can be read very broadly and has been by other courts, Your Honor. But I think that if you look at another portion of Walker on the same page, the Court says we find a material difference between using the Nolo contendere plea to subject a former criminal defendant to subsequent civil or criminal liability and using the plea as a defense against those submitting a plea interpreted to be an admission which would preclude liability. Here the plea is not being used affirmatively by Mr. Sharif at all. He's not attempting to rely on the conviction, nor is he attempting to rely on any admission implied or otherwise of liability underlying the conviction. All that Mr. Sharif is doing is coming into court and giving his version of events on the stand under oath, which is the right that he reserved by not taking a position on that in the criminal case. Well, and Walker says, having admitted facts which would indicate no civil liability on the part of the arresting police, which is what, because it was a false imprisonment. Do you see a distinction there between that and this situation? I think, Your Honor, I think what the Walker case and the Walker progeny cases go to is the false arrest situation. And that is the situation where, as I think Your Honor was just pointing out, there has been a Nolo plea does involve an admission. The admission is that you're willing to be convicted and that you're willing to accept a sentence. The Nolo plea does not involve an admission of any of the underlying acts. And I think that's the import of this Court's decisions in the Edowin case and in the Polonitz case. I gather you seem to be drawing an important distinction between the fact of conviction and a Nolo plea certainly does lead to a conviction and the plea that precedes that conviction. And there may be some types of claims brought forth by a plaintiff who has entered a Nolo plea where the fact of conviction and the punishment that goes with that is incompatible with the theory of the claim itself. And so the fact of conviction and the punishment that goes with it is fair game. I mean, that can be brought into the case. But that's very different than saying that the plea can be construed as an admission to all of the factual allegations that precede the entry of the Nolo plea. I think that's exactly right, Your Honor. You know, the Walker case is obviously the premier case on this issue. And if you look at the cases that have interpreted Walker and have applied the Walker analysis, you'll see cases like the Don Boych case, the Doe case, both of those in the trial courts in this circuit, which were false arrest cases and or false imprisonment cases. And the issue there, I mean, really what the court's doing is a heck analysis and saying that you can't admit, you can't accept a conviction which implicitly accepts a valuable arrest and then come back and challenge it collaterally in a civil action. That's not what's happening here. Are you acknowledging then that had this trial, instead of involving cross-examination on the Nolo plea, involved the defense lawyer saying, you say you did nothing, yes. You were convicted of assault. Is that correct? Yes. Stemming from these same facts, the same event, correct? Yes. That that would have been permissible? I believe until you got to your second question that would have been permissible, Your Honor. Which question put it over the line? When you tied the facts of the conviction to the facts of the assault, I think that put it over the line because I think, in fact, there are no admitted facts underlying the conviction. But the conviction itself is admissible, is it not? The conviction itself under this court's precedent would certainly be admissible, Your Honor. Well, that's I think what Judge Jordan was positing. That's what I'm asking you. If he says you were convicted of assault based on this altercation. That is a fact, right? Your Honor, I certainly think that if you could put in that you're convicted of assault, that would certainly be admissible. The date and time of it would be. I'm sorry. I was going to say if from your perspective to have it revealed to the jury that you were convicted of an assault at a particular time and place, I mean, that would reveal to the jury everything that you're worried about. So you're not prepared to concede that that would be okay, are you? I think that goes to the 609 analysis, Your Honor, which is a different question. Well, but that's only when it's used for truthfulness, which it was here. I mean, here we don't have this scenario that Judge Jordan posits where you try to use the conviction as, you know, in cross-examination other than for truthfulness, correct? Correct, Your Honor. And that's what we, that's why the argument as we phrase it is broken into multiple parts. And I've been addressing this as if we're discussing the 410 portion of this. We would argue that the conviction should not have been admissible in this case because there was no relevant purpose to use it, and it would not have been admissible under Rule 609 because of the 403 balancing analysis under Rule 609. Because there was no attempt to use it other than for truthfulness. There was no attempt, correct. Well, we're going to have to, right? We're going to have to, if we agree with you, send this back. So assume for the sake of discussion that you're a winner. This is going back. Just for sake of our argument right now and the question I'm about to ask you. What do we tell the district court about whether or not the conviction can come in? You know, do we just say, hey, you couldn't do that and leave the district court to guess? I think. What should we tell them, Mr. Lukauer? I think there's a multiple part instruction that goes to the district court, and the first portion of that is that the plea is presumptively inadmissible under Rule 410 and that it cannot be used to impeach Mr. Sharif as if it was a prior statement. Step one. Step two, the fact of conviction may be admissible pursuant to Rule 609. Now, I would argue to your honors that you can conduct a Rule 403 balancing on the appeal and that if you conduct the Rule 403 balancing, the fact that this is a crime of violence, the fact that it is incredibly prejudicial to my client to have it admitted, ultimately the 403 balancing would weigh out in favor of excluding it. If your honors are going to send it back to the district court anyway, I think you could instruct that the district court should conduct a You could review the admissibility of the conviction under Rule 609 and apply a 403 balancing to the conviction to determine whether or not it should be admitted. Well, if you're in 609, which is where we should be because it was offered as to truthfulness, your opponent has the problem that assaults really aren't that probative of truthfulness. We don't have before us the issue of the use of the conviction as impeachment when he says he did nothing wrong because that was never, I don't think that was ever alluded to. Was it? I think it was, your honor. Was it? Your honor, it was. Certainly in the closing argument, there was argument made that, and I can direct you to the joint appendix starting at page 576. There was argument made that he was convicted, but the conviction came in for truthfulness, and if that's not permitted, then I don't know whether anything other than the NOLA plea came in. I'm probably dicing and slicing this too much. Your honor, I think maybe dicing and slicing actually doesn't do justice to the prejudice that was done in the case because there clearly was an attempt to use, to try to walk a line between using simply the conviction yet implying admission of the facts, and I think what you can see it in closing, it's actually joint appendix 577 where the section starts, and it says he says he didn't do a darn thing that day, didn't assault the officer, just gratuitously was struck, yet when he had an opportunity in another court proceeding to contest that, he didn't do what he was accused of doing. He didn't contest it. He didn't argue it. He did not contest it, and yet he comes in here in another court proceeding and takes a different position. That should speak volumes to his credibility. So it's in some ways couched in terms of Rule 609, but in reality, it's using the position that Mr. Sharif took as if he made an admission in that prior statement, and in effect impeaching with a prior statement that's not on the record. I think that closing argument reflects a bit of confusion on the part of the district court. There's a disconnect between what the district court initially said would be the basis for allowing the Nolo plea to be used and what the judge subsequently told the jury, because basically the judge warned your client that if he takes the stand and basically says I did nothing wrong, he's going to allow the Nolo plea to be used as a prior inconsistent statement. But then he tells the jury that it's only coming in on the issue of credibility in terms of assessing his truthfulness. Isn't that correct? That's correct, Your Honor. So there's a real disconnect, as I said, between the way that the judge instructed the jury on the relevance of the Nolo plea and his initial statement as the basis for admission. Well, and the judge, I mean, from the outset, the judge made very clear that that was the reason he was going to allow the plea to come in, and that's the way he was going to instruct the jury on it. But, yeah. Is this error harmless? I mean, if this goes back, the fact that the conviction is going to come in as impeachment of he did nothing wrong, if not for truthfulness, just as plain old impeachment, you did nothing wrong, you were convicted, were you not? I mean, is this a harmless error? Well, I think that's two questions. I don't think it's harmless, Your Honor, because if it came in, if the assumption from this court is that it should not have been admitted for the reasons that it was admitted, I think the assumption has to be that it wouldn't have been in the record. And if it wasn't in the record, I think this would have been a very different case. This is a fact that was touched on twice in my client's direct examination, and certainly in closing, as I just read to you. And I think certainly defense counsel thought it would use the fact as if it was important to the case. As to your second point, Your Honor, you're presupposing that it can come in and that in response to the question, you're saying now that you didn't do anything wrong, you can impeach by saying, but you were convicted of a crime on that date. I don't believe that that's proper impeachment, and I don't believe that that's an appropriate way to use a conviction under Rule 410. I think the only way the conviction can be used is pursuant to another rule that would make it admissible, and the only rule that I think is applicable here would be 609. But 609 is truthfulness and 410 is just the Nolo plea. Of course, we haven't briefed this aspect of it. This is very significant. So what you're saying is not only can the Nolo plea not come in, but the conviction can't come in. The conviction can't come in as straight-up impeachment. In other words, it would be contrary to the federal rules of evidence for the district court to allow the conviction to come in in the context of cross-examination where somebody points out, you said you did nothing wrong. Were you convicted of assault? You're saying that would be unlawful? That's correct, Your Honor. I think the conviction can only come in pursuant to Rule 609, and as we argued in our brief, we don't think it should come in that way. So even the fact that somebody might raise it in that context, you say you did nothing wrong, here's a conviction for assault, saying nothing more than that, that that would be improper? I believe that's improper use of the conviction pursuant to Rule 410, Your Honor, yes. And if I may clarify why, I think that under Polnitz, the way that you're using the conviction, Your Honor, in that cross-examination, is to say, in effect, you committed the underlying crime. And I think that the court's – Well, you found guilty. It would certainly be the implications that they would want to have drawn, and that's why I'm pressing you on this. Right. Is the distinction between the NOLA plea and the conviction just one that doesn't stand up in a context like this? Because if you're going to say, hey, you were convicted on that date, then just like Judge Lopez said a few minutes ago, that's putting everything in front of the jury that you're saying shouldn't come in front of the jury because of 410 and its prohibition on using NOLA pleas. Is that right? I think that it's putting similar evidence in front of the jury, whether or not it would be identical, I'm not completely sure about that. But I think it changes the argument. But it really says an independent source found that you did something wrong. It's not saying whether he admitted it or not. I mean, he could have pled not guilty, but that's not the point. The point is an independent source found that he did do something wrong. I'm not sure if the independent source found that he did something wrong, Your Honor. The independent source found that he agreed to be punished. Well, I think the courts decide guilt if there's a NOLA plea. I think that's right, Your Honor, and I think that the decision of guilt certainly justifies the conviction. But I think what the court has, what this court said in the Pullman's case is that while the conviction certainly establishes fact of conviction, it can't be used to show that the plaintiff committed the underlying act. All right. We'll have to sort it out. Thank you. Thank you. Good afternoon, Your Honors. May it please the Court. My name is David McBain, and I represent the appellees, defendants in underlying matter, the three corrections officers, and the supervising corrections officer. Apart from the NOLA plea itself, how are the assault convictions relevant to truthfulness at all? Well, there were actually four different assault convictions. Right. One drug conviction and one crime and falsity conviction. Right. But the assault convictions, how are they relevant to truthfulness? How could they be used under 609? Right. They were relevant for two reasons. One, as we went through and we briefed it ahead of time under the 403 balancing test, it's relevant for that reason, Your Honor. So if you go through the analysis, the nature of the crime, granted it's not a crime and falsity crime or it may not be one that reflects. It's not. However, it also comes in under the standard by which the officers are being judged. One of the things that the jury is instructed in excessive force cases is what the officers reasonably believed and understood. Some of the officers testified they were aware of Mr. Shuri's prior criminal history, including assaults and misconduct while in the prison, and it was permitted for that reason as well, for the issue of the officer's frame of mind and the response. So it came in. I assume you're talking about the other assault, not the NOLA plea in this particular matter. Yeah, because those predated. They did. There was one that came in that predated the incident. Right. So how was the conviction of assault in this, as to this incident, how is that relevant for truthfulness? Well, I believe it comes in, Your Honor, for impeachment purposes, and we go through the analysis of whether 410 proves it. But you didn't argue impeachment. You argued it goes as to truthfulness. I argued that he gave inconsistent statements, that in one court proceeding he didn't contest it, which the effect of which, and I think Justice had mentioned previously, is that it really has the effect of a conviction, and that frankly in some manner would have been arguably more damning for the plaintiff to have the conviction itself come in, and I do think it has to come under 609. Well, except you did use it as going to his credibility. How can he say he did nothing wrong when before he didn't contest it, and the whole case was his credibility? So, you know, you could say the conviction would have been more damning, but counsel could have explained, listen, the fact that he might have slapped the officer and then the officer reacted by handcuffing him, but the fact that you specifically used it as if he had previously admitted it, I mean, and credibility was his whole thing. But what I didn't do and what was never argued either in cross-examination or closing is he did it. He can't contest that he did it. He pled no low contundry, which the effect of which, by law, he's pled guilty with that while maintaining his innocence. Mr. Sharif very well could have said, yeah, I did strike the officer, but that doesn't justify them using excessive force and beating me and so forth and so on. It really goes to the weight of the evidence, and other courts that have looked at this have said it is admissible under 609. There are seven cases that talk about the effect of a no low plea. The Liscomb case out of the District Circuit, 83, the Brewer case from the Ninth Circuit, the Walker case, which we've discussed already, the Doe case. Well, when you say it's admissible, what do you mean by it is admissible? It's admissible. Are you talking about the fact of conviction or the plea? The plea, and it goes in for impeachment among other reasons. It goes in certainly for the false arrest, false imprisonment. No, wait a second. So all these, all the other convictions that were used to impeach the appellant here, I mean, all that went in was the, I assume, was just the fact of conviction. The jury was perhaps told there was a conviction for such and such a crime. That's, traditionally, that's all that goes in. Isn't that correct? Right. Two came in, the Kremlin falsie, which was not contested, and the other is the prior, the one prior, one of the three prior assaults. And with respect, just under 609, how was this conviction treated? The very questions that we've already discussed. I asked, and Mr. Sharif was forewarned that if he continued to maintain, as he did in his complaint, as he did in his motions, as he did in his opening, that if he took the stand and maintained the position he did absolutely nothing wrong, that I was permitted to then question him about this very line of questions. So you gave, this particular conviction was treated, was treated differently in terms of the detail that you were allowed to go into with respect to the circumstances that led up to the plea. Yes, I think I asked a total of three questions. I did not get into any details. I simply asked him whether he had the opportunity, and, in fact, he did deny in the prior court proceeding that he did absolutely nothing wrong. I did not go through the details. I did not, as the judge, I believe, made clear from his ruling, I was not permitted to, to say, in fact, you did this crime and you're barred from contesting it here. Well, that's, is that a, is there a meaningful difference there? I mean, you're, you are, certainly logically one would think that if somebody claims I did nothing wrong, that having not contested that you, that at an earlier time, is something a jury might want to know about. But we're not writing on a clean slate here. 410 says what it says. You know, I don't need to quote it. We've all probably read it in preparation for this argument a hundred times. And you haven't cited it in your brief. 410? Right. I discuss it in the cases, Your Honor. I believe in 410, 410 as courts have interpreted it, including the Walker case, which you discussed with counsel, is the intent of that is not to protect a plaintiff from using it offensively in a subsequent civil litigation, rather to prevent the use, to allow the use of it defensively in later civil or later criminal litigation. And I think the Walker case, the Sixth Circuit explained, and I think subsequent cases have talked about that you ought not be able to use the underlying criminal matter in an offensive manner. When it's inconsistent. When you have admitted facts that are totally inconsistent with what your claim is. But his admission, or not admission, his nulla plea to an assault is not necessarily inconsistent with his excessive force claim. And it absolutely isn't. Mr. Sharif was free to argue, as I often see argued in these cases. I may have done something wrong. Yes, I was, I pled no contest to assault. But that doesn't give them the right to use excessive force on me. He was free to do that. And he didn't. He chose to take a position which was contrary to the nulla plea, which has the effect of a conviction. And I do think that. Well, but you didn't just, you didn't just use the conviction. You argued that, pretty specifically, he had a chance to do something. He didn't contest it. And how does that square with the purpose of 410, the policy behind which seems to be you're not going to admit anything and the incentive for you to take the conviction and the punishment is nobody's ever going to say you admitted anything. Right. I think what, Your Honor, it squares with is 609, which is courts have addressed that 410 doesn't say, if you read 410, and this is the Walker case, I think, is one that talks about it very specifically. It doesn't preclude the use of a nulla plea in a civil case when it's being used offensively as opposed to defensively. And that's discussed in. Well, we've crossed that bridge. If we disagree with you on that, I think you need to respond to Judge Jordan's question, which is you're basically saying that once you take a nulla plea, you can't later say you did nothing wrong. But that's the whole point of the nulla plea, is that you can later say you did nothing wrong. And you're having used it as inconsistent led the jury to believe that it was inconsistent, and it's not. Well, you're protected by 410 if it's attempted to be used by you in a defensive posture. No, no, no. Well, let's forget Walker. Let's look at the rule. Prohibited uses. Evidence is not admissible against the defendant who made the plea or participated in the plea discussion, a nulla contendere plea. Right. And that's what the rule. It's not allowed to be used. The rule on its face says that. But as you look at the court interpretation, both by the Sixth Circuit in Walker, as well as actually this court in the, I'm not sure. All right, let's say I don't agree with you that Walker controls here because there's nothing inconsistent with saying I committed an assault and you used excessive force, whereas those cases are. How do you square your use of the nulla plea here? Because I believe that also under even the Doe case, which is the Middle District case that we talked about, it was not admissible, and it wasn't the same incident, by the way. It was a different nulla plea from a different incident. The judge said it may be admissible for impeachment purposes. It was a limine ruling pretrial in the Middle District. I don't know how to square that with the – how does that work with the text of the rule, the plain text of the rule? Because I believe the text of the rule as looking at the case law that's interpreted, plus I believe just simply fairness, is that if it's to be used against you defensively, if Mr. – can I give an example? But if Mr. Sharif had not brought the suit, it certainly would not be permitted to be used against him. If he took the position that in fact the assault of the officer, but that doesn't give the officer the ability to use excessive force in response, I think 410 would work. But I think this – I think you're correct. The plain reading – That's not the situation. The situation is you are saying that he is incredible. He is lacking in credibility because he previously basically admitted that he did this. Certainly, you can't do that because it's a NOLA plea, and that's what 410 is all about. But I agree on the plain reading. And the first time I read it, I thought the same thing. But as I examine case law, the intent of that, when it's taken in conjunction with 609, is that it's not to be – it's able to be used defensively. So if a – in a subsequent civil proceeding, a defendant attempts to use it, it would bar it. But offensively, you can't have the benefit of the plea but then use it in an offensive manner, and that's talked about. Well, you were using it offensively, quite frankly. You were using it offensively to undermine his credibility, to my mind. Well, I think if Mr. – and again, Mr. Sharif was given the opportunity. If he said something that was inconsistent with the result of the prior criminal matter, then I couldn't have been able to use it. So it was his choice. I simply was cross-examining him on an inconsistent impeachment purpose from the prior criminal case. Is it significant that – I mean, 410 talks about a plea. 609 talks about a conviction. And I mean, we've made much of the distinction between the plea, which 410 proscribes, but the fact of conviction under 609 pursuant to a 403 balancing, perhaps it can be used on the issue of character for truthfulness. Isn't that a significant – again, that's a significant distinction, is it not? Right. You seem to be saying that even under 609, you can go beyond the fact of conviction and get into the claim that the plea that led to the conviction represents an admission to certain type of conduct. That seems to be what you're saying. No, I think it certainly can be used under 609 for credibility purposes, which is what the intent of the questions were. Mr. Sharif can disagree. He can refute. He can explain, as he did when he was questioned by his counsel, what the basis for the NOLO contendere plea. There was the instruction given by the court about the effect of what NOLO means. In fact, he uses the language, in effect – You were only saying that his NOLO plea was incompatible with his insistence now that he did nothing wrong. I mean, that's the inconsistent statement approach, which I would suggest 410 proscribes. It's not the fact that you have been convicted of certain crimes raises a question for the jury about your character for truthfulness. That's a very different proposition. I think that – respectfully, I'm not sure I would agree that it's a distinction. I think that had it come in strictly as a traditional way – say he pled guilty as opposed to no contest, and it comes in strictly under 609, I think it has the same effect. It has the same reason. When you say it has the same effect, the question isn't in the abstract how a jury might do it. The question is how you use it, right? So I put to you the same question that I addressed Mr. Legauer, which is could – if this thing goes back to the district court because we disagreed with how it was handled, would we say to the district court it was wrong for you to allow defense counsel to question about the NOLO plea? But we're not talking about what – about Rule 609 and the use of a conviction to impeach on truthfulness – or on the question of truthfulness generally. Is that the right thing for us to say? Or logically, having said you can't get into it in 410, do we also need to say – and that doesn't give you a way to get to the conviction either? I think the former. I think if it would go back, and I would argue as well as I did in the brief that criminal falsity came in, another assault came in, a number of other inconsistencies, so I'd characterize this as harmless error in the scheme of the trial. I think that it would come in, if it goes back squarely for the very thing we talked about before, a conviction. Because under the law, it's considered a – has the same effect as a conviction. Is it a distinction without a difference if you, a skilled trial lawyer, are saying, wait, you pled NOLO contendere. You didn't contest this, did you? Or you say, wait, you were convicted – there was a conviction for assault stemming from this incident on that day, right? Is that a meaningful difference? I don't think it is. In fact, I think, frankly, the second way probably could be more damning if I'm sitting on a journey that way as opposed to the first way. Okay. And if that's true, doesn't that really mean that we should tell the district court, don't let this in at all? Because under 410, it's not good, and under 609, you're still running into the same problem that 410 prohibits. But I think it does come in under 609 under the number of cases that discuss the application. And the one I think is the most – the best analysis, the most thorough analysis is the Walker case, where they say originally 410 was carved out of the conviction under 609 in a prior draft. However, the final draft took out that, and so by implication, 410 has to be read in conjunction with 609. We're going to continue under 410 to not allow it to be used in a defensive posture, but it can't be to use the analogy we've been using as a sword. It can be used as a shield but not a sword.  Thank you. Thank you. Okay. Thank you. No problem. Mr. Legauer. Thank you, Your Honors. I'll try to keep it short. We had been discussing pull notes earlier. I sort of point Your Honors to pages 5 and 6 of the reply brief where it's discussed and to pages 566 and 568 of this court's opinion. And I just – if I may, I want to just read two or three quick passages, and I certainly am not going to read two pages of text to you, but the court in Pullman says when it comes to peculiar legal effect, while a nulla plea is indisputably tantamount to a conviction, it is not necessarily tantamount to an admission of factual guilt. And it's citing this court's opinion in Attawine. Then they go on to say, thus, we're obliged to ask whether the plea that Pullman's entered can be deemed to establish underlying guilt and not merely the fact of criminal conviction. Then skipping ahead to the end of page 567, a review of the applicable statutes in case law reveals that in Pennsylvania, a nulla plea does not constitute an admission of factual guilt and thus has no evidentiary value in assessing whether the defendant committed a crime. And I think that goes right to the way that the nulla plea was used in Mr. Sharif's cross-examination certainly and in the closing argument portion that I read to you earlier. The impeachment was not with respect to whether or not Mr. Sharif was convicted of assault. The impeachment was whether or not Mr. Sharif assaulted the guard. And by pleading nulla, Mr. Sharif intentionally did not admit the underlying assault, and that's what I think this court's precedents stand for. Going back to Walker very, very quickly, I think the key point in Walker, and I think the key point in all of the cases that follow Walker, is that the plaintiffs there are using the conviction that they accepted as an affirmative element of their case. They need to show that they were convicted and that they were then incarcerated in order to recover their damages. Their damages are based on the improper incarceration. That is not the case here. Mr. Sharif would never have affirmatively used the conviction as a sword in this case, so the sort of sword-shield dichotomy that was set up in Walker just doesn't exist here. And, Your Honor, I have nothing further unless you'd like me to address punitive damages quickly, but I think the brief has covered it. No, I think we've got that well briefed. Thank you for your firm willingness to have you undertake this representation. Thank you very much. You're very welcome, Your Honor. It's our pleasure.